THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HÉCTOR RODRÍGUEZ MALDONADO, Defendant and Appellant.

No. 11873.   Argued April 8, 1947.—Decided April 23, 1947.

Samuel R. Quiñones for appellant. Luis Negrón Fernández, Acting Attorney General, and Joaquín Correa Suárez, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Héctor Rodríguez Maldonado was convicted by a jury of murder in the second degree and sentenced by the District Court of Humacao to fifteen years' imprisonment in the penitentiary. He urges in this appeal that the lower court erred, first, in permitting the district attorney to offer his evidence without having stated orally to the jury the theory of the charge brought by the prosecuting attorney and, second, in rendering judgment on the verdict, the latter being contrary to the evidence.

The first assignment of error lacks merit. The defense did not object or take exception when the district attorney stated that he waived his right to state orally the theory of the case.[1]

As to the second error, it will suffice to say that the evidence was contradictory, but that notwithstanding the

[1] It has been held that the provisions of subdivision 3, § 233 of the Code of Criminal Procedure to the effect that the district attorney must open the case ". . . by stating orally to the jury or the court . . . the nature of the crime which he expects to prove, the circumstances under which the crime was committed . . ." are not mandatory. See People v. Weber, 86 Pac. 671; People v. Arnold, 250 Pac. 168; and People v. Moore, 160 P. (2d) 857, construing § 1093 of the Code of Criminal Procedure of California equivalent to § 233 of our Code.

contradictions in the statements of the majority of the witnesses for the prosecution, since the jury believed, among such statements, those of Ramón Moyano Osorio and Félix García Pacheco, the verdict is supported by the evidence. The latter showed that while the defendant and Dolores Meléndez were playing cards for money in a restaurant, the defendant asked Meléndez to pay him twenty-five dollars which he had won; that a friend loaned Meléndez thirty dollars in three ten-dollar bills; that Meléndez threw the three bills on the table and said to the accused, "Here, take them, you cad," and the defendant gave him a five-dollar bill in return; that then Meléndez took out his revolver and put it or threw it on the enameled table, and when it slipped on the table, the defendant took it and fired two shots at Meléndez wounding him in an arm and the chest, which latter wound caused his death. The contradictions in the testimony of witnesses for the prosecution—except Moyano's—consisted in that they testified that when Meléndez put the revolver on the table, the defendant as well as Meléndez fought or struggled for the revolver and it was then that the shots were fired, while in the investigation carried out by the district attorney on the night of the event, they did not testify that this fight or struggle for the weapon had taken place. This conflict in the evidence was settled by the jury, as we have stated, by giving credence to the testimony of Moyano and García, to the effect that the struggle did not take place and that the defendant was the only one who took the weapon and shot and killed Meléndez.

Since it was not alleged or proved that the jury acted with passion, prejudice or partiality, or that it committed manifest error in weighing the evidence, the judgment appealed from should be affirmed.